Ellison v. Brock                        CV-03-442-M    12/04/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Linda L. Ellison,
        Plaintiff

        v.                                  Civil No. 03-442-M
                                            Opinion No. 2003 DNH 210
David Brock,
        Defendant


                            O R D E R


        Pro se plaintiff, Linda Ellison, brings a complaint seeking

an order from this court which would "vacate" or "reverse" a

series of orders entered by the New Hampshire Supreme Court in

connection with litigation she has pursued in state court.

Plaintiff also seeks money damages against the New Hampshire

Supreme Court's Chief Justice, on grounds that the Chief Justice

"allowed" an Associate Justice of that court to sit on

plaintiff's state appeal when the Associate Justice was allegedly

disqualified due to a conflict of interest.  New Hampshire's

Attorney General, on behalf of the Chief Justice, moves to

dismiss the case.  Plaintiff objects.

Of course, the Rooker-Feldman doctrine plainly precludes review by this court of final judgments entered by the New Hampshire Supreme Court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). So, to the extent plaintiff seeks relief in the nature of a "reversal" or "vacation" of orders entered in her state litigation by the New Hampshire Supreme Court, this court is without jurisdiction to consider her claims.

As noted, plaintiff also seeks money damages from New Hampshire's Chief Justice on grounds that he "allowed" an Associate Justice to sit on her state case, notwithstanding the fact that the Associate Justice previously represented a party to her case, albeit many years earlier and in connection with entirely unrelated matters. First, the Chief Justice cannot fairly be said to have "allowed" the Associate Justice to sit — recusal, in the first instance at any rate, is an issue for the individual judge to decide for herself or himself. Moreover, it is well settled that, for critically important policy reasons, "judges are absolutely immune from damages liability for actions taken in a judicial capacity unless a judge has acted 'in the

2

clear absence of all jurisdiction.'" Decker v. Hillsborough County Attorney's Office, 845 F.2d 17, 21 (1st Cir. 1988) (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)). "Allowing" another justice to sit on a case, even if the Chief Justice had such authority and took such action, would obviously qualify as an action taken in a judicial capacity and not one taken in the clear absence of all jurisdiction. Accordingly, the Chief Justice is absolutely immune from liability.

Parenthetically, the court notes that recusal is generally not called for when a former client appears before a judge, provided sufficient time has passed since the representation and the matter in suit is unrelated to the subject matter of the prior representation. Here, the prior client of the Associate Justice in question was the University System of New Hampshire, a quasi-governmental entity that employs both in-house counsel and a number of different private attorneys to meet its expanding legal needs.

3

## Conclusion

Because it is plainly apparent that this court is without jurisdiction to consider plaintiff's attack on the validity of the state court's orders, and because the Chief Justice is absolutely immune from liability on her damages claim, the defendant's motion to dismiss (document no. 3) is hereby granted and the case is dismissed with prejudice. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 4, 2003

cc:  Linda L. Ellison
     Daniel J. Mullen, Esq.

4